**Ashwin Ladva, Esq. (SB # 206140)**
**Scott S. Nakama, Esq. (SB # 296736)**
**LADVA LAW FIRM**
530 Jackson Street, 2nd Flr.
San Francisco, CA 94133
(415) 296-8844
(415) 296-8847 (f)
ladvalaw@gmail.com
snakama@ladvalaw.com

**Daniel Martinez de la Vega, Esq. (SB# 255885)**
**LAW OFFICES OF DANIEL VEGA**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (415) 287-6203
Fax: (415) 704-5067
dvega@vegalawyer.com

Attorneys for Plaintiff Manuel Reyes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL REYES, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | 1. FAILURE TO COMPENSATE PIECE RATE EMPLOYEES FOR REST AND RECOVERY PERIODS AND OTHER NON-PRODUCTIVE TIME;<br>2. FAILURE TO PROVIDE MEAL PERIODS<br>3. FAILURE TO PROVIDE REST BREAKS |
| HEARST COMMUNICATIONS, INC., and DOES 1–10, inclusive, | 4. FAILURE TO PAY MINIMUM & OVERTIME WAGES<br>5. FAILURE TO MAINTAIN COMPLETE AND ACCURATE EMPLOYMENT RECORDS – LABOR CODE § 226- |
| Defendant. | 6. FAILURE TO PROVIDE COMPLETE AND ACCURATE ITEMIZED WAGE STATEMENTS – LABOR CODE § 226-<br>7. WAITING TIME PENALTIES<br>8. FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES – LABOR CODE § 2802<br>9. UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §17200 *ET SEQ.*)<br>10. FAILURE TO PROVIDE OVERTIME – 29 U.S.C. § 207<br>11. FAILURE TO PROVIDE PAID SICK DAYS |
| | **JURY TRIAL DEMANDED** |

COMPLAINT.
1

Plaintiff Manuel Reyes (hereinafter "Plaintiff") respectfully alleges as follows:

## PRELIMINARY STATEMENT

Plaintiff brings this action for monetary damages, injunctive relief and statutory and civil penalties under the Federal Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA") and the California Labor Code. Plaintiff seeks redress for injuries that sustained from Defendants' misclassification of Plaintiff as independent contractors and other violations of the FLSA and the California Labor Code.

## JURISDICTION

1. The Court has jurisdiction over this action under 29 U.S.C. § 216(b) and 217 and under 28 U.S.C. § 1331. This action is brought in diversity between Plaintiff and Defendant Hearst, wherein jurisdiction lies under 28 U.S.C. § 1332.

2. This Court has supplemental jurisdiction over the related state claims under 28 U.S.C. § 1367. Plaintiff's claims pursuant to the FLSA and the California Labor Code are related, as all of Plaintiff's claims share common operative facts. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

3. The United States District Court for the Northern District of California is the proper venue under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in San Mateo, California.

## INTRADISTRICT ASSIGNMENT

4. This case should be assigned to the San Francisco Division of the Northern District of California under Civil Local Rule 3-2 because a substantial part of the events or omissions giving rise to these claims occurred in San Mateo County.

**PARTIES**

5. Plaintiff was at all times relevant herein employed in California and was an "employee" as defined by 29 U.S.C. § 203(e), the California Labor Code and applicable Wage Order(s) of the Industrial Welfare Commission ("IWC").

6. Defendant Hearst Communications, Inc. is incorporated in Delaware with a principal place of business in the state of New York, New York County, located at 300 West 57th Street, New York, NY 10019, as well as an office in California in San Francisco County.

7. Hearst Communications Inc. is a media company distributing online and print media throughout California. Hearst met the definition of "employer" under all applicable statutes. Hearst is engaged in the ownership, management, and operation of the *San Francisco Chronicle.*

8. Defendants employed Plaintiff as a "Newspaper Dealers" (or other similar titles) but classified him as an independent contractor rather than an employee.

9. Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants and Does 1-10 were acting as the agent, servant, employee, partner, and/or joint venturer of and was acting in concert with each of the remaining Defendants in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture, and/or concert of action.  Each Defendant, in doing the acts alleged, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

**GENERAL ALLEGATIONS**

10. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1), (s)(1) because

   a. Defendants have jointly owned and operated the San Francisco Chronicle for a common business purpose – to make a profit by operating a newspaper – using the same management, marketing, and employment practices;

   b. Workers employed by Defendants have handled products, made outside of California and transported into the State;

   c. Plaintiff worked at Defendants' newspaper Distribution center in San Mateo, California; and

   d. The combined annual gross volume of sales made or business done by Defendant has exceeded $1,000,000 during the relevant period.

11. Plaintiff was hired by Defendants over 10 years ago. Plaintiff was employed by Defendants as a newspaper dealer. Plaintiff is currently employed by Defendants.

12. Though Plaintiff was at all times a proper employee of Defendants, his employer willfully misclassified him as an independent contractor. This was despite that, among other factors:

   a. Plaintiff was not engaged in an occupation or business distinct from that of Defendants;

   b. The work performed by Plaintiff was part of the regular business of Defendants;

   c. Defendants supplied the instrumentalities, tools, and the place of work;

   d. The services rendered by Plaintiff did not require a special skill;

   e. In his locality, the occupation held by Plaintiff is usually done under the direction of a principal;

    f.      Plaintiff's employment was at-will and open-ended; and

    g.      Defendants had the right to control, and did control, Plaintiff the manner and means by which Plaintiff performed his work.

    h.      Defendants directly or indirectly exercised control over the wages, hours, and working conditions of Plaintiff.

    i.      In performing these duties for Defendants, Plaintiff drove his own cars, paid for his own gas, paid his own vehicle maintenance, used his own cell phones, internet/wifi and paid for his own liability insurance.

    j.      Defendants required Plaintiff to pick up and deliver newspapers by certain specified hours and times. Defendants controlled the conditions of pick ups and method of delivery.

    k.      Defendants instructed Plaintiff on exactly how, when, and where to deliver newspapers.

    l.       Defendants controlled the geographic scope of Plaintiff's delivery routes.

    m.      Defendants generated and controlled Plaintiffs' route lists on a daily basis.

    n.      Defendants had the right to terminate Plaintiff at will and without cause.

13.      Plaintiff is informed and believes that Defendants misclassified him as an independent contractor.

14.      Plaintiff frequently worked in excess of eight hours in a workday and forty hours in a workweek. Plaintiff work 7 days a week.   However, Plaintiff was not paid minimum or overtime wages when he worked over eight hours a day and/or over forty hours in a workweek.

15.      Plaintiff received a bonus if he did not receive a certain amount of complaints.  These bonuses were not properly factored into his overtime compensation.

16.      Plaintiff was frequently denied rest and meal breaks to which he was entitled to. Generally, nobody from management ever relieved Plaintiff of duty so that he could take such a ten-minute rest break for every four hours worked, or a thirty-minute meal break for every five hours

worked.  Even when he was able, on he own accord and initiative, to take a meal break, that break was often cut well short of thirty minutes due to the demands of the strenuous job.  Since Defendants did not relieve Plaintiff of duty, he almost never took a ten-minute rest break.  In addition, Plaintiff is informed and believes that Defendants did not have meal and rest break policies.  Further, Defendants never compensated Plaintiff with an hour of "premium pay" for rest and meal breaks that were missed or interrupted.

17. Because Defendants did not pay Plaintiff all the overtime wages they earned, and because they did not compensate them with an hour of premium pay for all rest and meal breaks not provided, Defendants failed to pay Plaintiff all wages due and owing at the close of each pay period.

18. Defendants also failed to provide Plaintiff with complete and accurate wage statements.  Instead, Defendants paid Plaintiff by an non-itemized check.

19. In addition, Defendants failed to provide Plaintiff with paid sick leave as required by Labor Code § 246 *et seq.*.

20. During his employment, Defendants required Plaintiff to work over eight days.  Because of this unlawful practice, Defendants failed to pay Plaintiff with the minimum wage required under the FLSA, the California Labor Code, the applicable Industrial Wage Commission ("IWC") Order.

21. During his employment, Plaintiff was not reimbursed for the use of his personal cell phone that he was required to use during his employment.  In addition, Defendants failed to reimburse him for all expenses in delivering the newspapers.

**FIRST CAUSE OF ACTION**
**Failure to Compensate Piece Rate Employees for Rest and Recovery Periods and Other Non-Productive Time**
**(Lab. Code §§ 226.2)**
**Against All Defendants**

22. Plaintiff realleges and incorporates by reference Paragraphs 1 through 21 above as though fully set forth.

23. As alleged herein, Defendant has maintained a policy and/or practice whereby Plaintiff has not been compensated for rest and recovery periods and other non-productive time in accordance with Cal. Lab. Code § 226.2.

24. Defendants did not avail itself to the California Labor Code § 226.2 Safe Harbor Provision and is required to compensate Plaintiff for meal and rest breaks not included in his Piece Rates, and nonproductive time based on their average hourly rate, along with interest.

## SECOND CAUSE OF ACTION
## VIOLATION OF LABOR CODE SECTIONS 226.7, 512, and 1198
### (Failure to Provide Meal Periods)
## Against All Defendants

25. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 above as though fully set forth.

26. As alleged herein, Defendant has maintained a policy and/or practice whereby Plaintiff was misclassified as an independent contractor. As such, Defendant has systematically failed and/or refused to provide Plaintiff with uninterrupted, off-duty meal breaks of at least 30 consecutive minutes in duration for all shifts in excess of 5 hours, as guaranteed to Plaintiff as employees under Cal. Labor Code § 226.7 and 512, and Wage Order 1-2001.

27. Labor Code section 226.7 provides "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health. If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of

the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

28. Labor Code section 512(a) provides, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

29. Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order

30. Plaintiff was not provided the opportunity to take meal and rest breaks, as required.

31. Labor Code § 558 provides as follows:

(a) Any employer or other persons acting on behalf of an employer who violates or causes to be violated, a section of this chapter or any provision regulating hours and days of work in this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

   (1) For any initial violation, fifty dollars ($50) for each underpaid employee for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

   (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

     (3)  Wages recovered pursuant to this section shall be paid to the affected employee.

32. Plaintiff has been injured and requests relief.  Plaintiff also requests the attorney's fees and costs recoverable in a civil action.

## THIRD CAUSE OF ACTION
## VIOLATION OF LABOR CODE SECTIONS 226.7, 512, and 1198
### (Failure to Provide Rest Periods)
### Against All Defendants

33. Plaintiff realleges and incorporates by reference Paragraphs 1 through 32 above as though fully set forth.

34. As alleged herein, Defendant has maintained a policy and/or practice whereby Plaintiff was misclassified as an independent contractor. As such, Defendant has systematically failed and/or refused to provide Plaintiff with uninterrupted, off-duty meal breaks of at least 30 consecutive minutes in duration for all shifts in excess of 5 hours, as guaranteed to Plaintiff as employees under Cal. Labor Code § 226.7 and 512, and Wage Order 1-2001.

35. Labor Code section 226.7 provides "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.  If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

36. Labor Code section 512(a) provides, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

37. Labor Code § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order

38. At relevant times during their employment, Defendants failed to authorize and permit Plaintiff to take net rest periods of at least ten minutes for each four-hour work period, or major portion thereof, and failed to pay their premium wages on those workdays.

39. Plaintiff was not provided the opportunity to take meal and rest breaks, as required.

40. Labor Code § 558 provides as follows:

(a)  Any employer or other persons acting on behalf of an employer who violates or causes to be violated, a section of this chapter or any provision regulating hours and days of work in this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

   (4) For any initial violation, fifty dollars ($50) for each underpaid employee for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

   (5) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

   (6) Wages recovered pursuant to this section shall be paid to the affected employee.

41. Plaintiff has been injured and requests relief. Plaintiff also requests the attorney's fees and costs recoverable in a civil action.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE SECTION**
**(Lab. Code § 510, 1194, 1194.2, and 1198)**
**(Failure to Pay Minimum & Overtime Wages)**
**Against All Defendants**

42. Plaintiff realleges and incorporates by reference Paragraphs 1 through 41 above as though fully set forth.

43. By requiring Plaintiff to work off the clock, Defendants intentionally failed to pay Plaintiff the California minimum wage.

44. California Labor Code § 1194(a) provides:

> (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

45. California Labor Code § 1194.2(a) provides that in any action under 1194 "to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

46. Section 2(K) of Wage Order 1-2001 defines "hours worked" as "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so."

47. Cal. Labor Code §§ 510 and 1194 and Section 3 of Wage Order 1-2001 require employers to pay overtime wages to their non-exempt employees at no less than one and one-half

times their regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and for the first eight hours worked on a seventh consecutive day.

48.     Plaintiff received a bonus if he did not receive a certain amount of complaints. These bonuses were not properly factored into his overtime compensation.

49.     Cal. Labor Code §§ 510 and 1194 and Section 3 of Wage Order 1-2001 also require employers to pay overtime wages to their non-exempt employees at no less than two times their regular rates of pay for all hours worked in excess of twelve hours in one workday, and for all hours worked in excess of eight hours on a seventh consecutive workday. During the entirety of the employment period, Defendant had a consistent policy of requiring Plaintiff to work on average 10-hour work days every day of the week, 52 weeks a year without compensating Plaintiff at a rate of one and one-half of their regular rate of pay for overtime work performed, in violation of Cal. Lab. Code §1194.

50.     California Labor Code § 1197.1(a) provides the following:

 (a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

 (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period in which the employee is underpaid.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

 (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.  The amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee. If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law.

51. Pursuant to Cal. Labor Code §§ 1194 (a) and 1194.2 (a), Plaintiff has been injured and requests relief. Plaintiff seeks to recover earned and unpaid overtime wages and minimum wages, interest thereon, awards of reasonable attorneys' fees and costs, and liquidated damages, all in amounts subject to proof.

**FIFTH CAUSE OF ACTION**
**Failure to Maintain Accurate and Complete Employment Records**
**(Cal. Labor Code §§ 1174.5)**
**Against all Defendants**

52. Plaintiffs incorporate all of the preceding paragraphs of the Complaint as if fully set forth herein.

53. Cal. Labor Code § 1174 (d) requires an employer to keep at a central location in California, or at the plant or establishment at which employees are employed, payroll records showing the hours worked daily by, and the wages paid to, each employee, and the number of piece-rate units earned by and any applicable piece rate paid to each employee. Plaintiffs are informed and believe that Defendant willfully failed to make and keep such records for Plaintiff.

54. IWC Wage Order No. 1-2001, paragraph (7)(A), requires that every employer keep accurate employee information, including time records showing when each employee begins and ends each work period and applicable rates of pay. Plaintiffs are informed and believe that Defendant failed to make and keep such records for Plaintiff.

COMPLAINT.
13

55. Plaintiff is informed and believe that Defendants' failure to keep payroll records and accurate employee information, as described above, violated Cal. Lab. Code § 1174 (d) and IWC Wage Order No. 1-2001 (7)(A). Plaintiff is entitled to penalties of $100 for the initial violation and $200 for each subsequent violation for every pay period during which these records and information were not kept by Defendant.

56. Defendant's failure to keep and maintain records and information, as described above, was willful, and Plaintiff is entitled to a civil penalty of $500, pursuant to Cal. Lab. Code § 1174.5.

### SIXTH CAUSE OF ACTION
### Failure to Provide Accurate, Itemized Wage Statements
### (Cal. Labor Code § 226)
### Against All Defendants

57. Plaintiff incorporate each of the preceding paragraphs of the Complaint by reference as if fully set forth herein.

58. Section 226(a) of the Cal. Labor Code requires Defendant to itemize in wage statements all deductions made from wages earned by Plaintiff, and to accurately report total hours worked and wages earned by such employees. Defendant has knowingly and intentionally failed to comply with Cal. Labor Code § 226(a) on each and every wage statement that should have been provided to Plaintiff.

59. By failing to keep adequate records, as required by Cal. Labor Code § 226, Defendant has injured Plaintiffs and made it confusing and difficult to calculate the unpaid wages earned and expenditures not indemnified by Defendant (including wages, interest, and penalties thereon) due to Plaintiff.

60. Plaintiff seeks to recover the statutory penalties provided by Cal. Labor Code § 226 for the wage statement violations committed by Defendant.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §203 & 204**
**(Failure to Timely Pay Wages)**
**Against Defendants**

61. Plaintiff realleges and incorporates by reference Paragraphs 1 through 60 as though fully set forth.

62. Labor Code section 204 provides "[a]ll wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

63. During the relevant time period, Defendants failed to pay Plaintiff in a timely manner his wages earned, in violation of Labor Code section 204. Pursuant to Labor Code § 203, Plaintiff, seek up to thirty days of wages as waiting time penalties in amounts subject to proof.

64. Pursuant to Labor Code section 218.5, in any action brought for the nonpayment of wages, fringe benefits, or health and welfare pension fund contributions, a prevailing plaintiff shall be entitled to an award of attorney's fees and costs if requested upon the initiation of the action.

65. Plaintiff has been injured and requests relief. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, seek awards of reasonable attorneys' fees and costs in amounts subject to proof.

//

//

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 2802**
**(Failure to Reimburse for Business Expenses)**
**Against Defendants**

66. Plaintiff realleges and incorporates by reference Paragraphs 1 through 65 as though fully set forth.

67. California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

68. At set forth above and during the relevant time period, Defendants failed to indemnify and reimburse Plaintiff and California employees for all necessary expenditures or losses incurred in direct consequence of discharge of duties, or of obedience to the directions of Defendants.

69. In violation of Cal. Labor Code § 2802, Defendant required Plaintiff to incur the following operational and necessary business expenses; the cost of purchasing equipment for use by Defendant's clients; the cost of using personal computers and cell phones Defendant required Plaintiff to use for their work; the cost of cellular and internet service; the costs of cloud computing services; the cost of parking when conducting site visits for Defendant's customers; mileage and vehicle maintenance expenses; and liability insurance. Plaintiff was not reimbursed for these necessary business expenses.

70. Wherefore, Plaintiff has been injured and request relief as provided.

71. Plaintiff also requests the attorney's fees, and costs recoverable in a civil action.

//

//

//

## NINTH CAUSE OF ACTION
### Unfair Competition
### (Cal. Labor Code § 17200 et seq.)
### Against Defendants

72. Plaintiff realleges and incorporates by reference Paragraphs 1 through 71 as though fully set forth.

73. A violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* may be predicated on the violation of any state or federal law. Defendant's activities, as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* California has an important public policy of protection regarding the welfare of employees, and thus provides for necessary meal and rest periods and that statutorily-guaranteed wages be paid for all hours worked and for missed meal and rest periods. Defendant's willful misclassification scheme has denied Plaintiff mandated meal and rest periods, overtime pay, premium wages for missed meal and rest periods, and the legally-mandated minimum wages for all hours worked, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, and the general public.

74. Over and above these violations, Defendant has failed to provide accurate, itemized wage statements and failed to reimburse Plaintiff for costs associated with performing his work. Plaintiff, on behalf of himself seeks to enforce important rights affecting the public interest within the meaning of Cal. Civ. Proc. Code § 1021.5.

75. Defendants' misclassification scheme allows Defendant to strip Plaintiff of his fundamental employment rights, such as the rights to minimum and overtime wages, mandated meal and rest periods, premium wages for missed meal and rest periods, itemized wage statements, and the prompt payment of full wages within time limits set by law, as provided under various provisions of the California Labor Code and Wage Order 1-2001.

76. Within its unlawful scheme, Defendant is able to unjustly keep and appropriate for itself significant amounts of money that otherwise should have been paid to Plaintiff. Defendant is also able to illegally pass on business operational costs like the cost of purchasing equipment for use by Defendants' clients, the cost of using his personal computer, cell phone, the cost of cellular and internet service, the cost of cloud computing services, parking, mileage and vehicle maintenance expense, and liability insurance, thereby reducing wages due, in violation of Cal. Labor Code § 2802. To the extent that Defendants requires to waive the benefits of said statute, Defendants also violated Cal. Labor Code § 2804. Defendants' actions, left unrectified, will aggregate to the impunity employers thereby enjoy and which California's labor laws are meant to redress, undermining the rights of workers and the desired balance in labor relations in this state.

**TENTH CAUSE OF ACTION**
**VIOLATION OF 29 U.S.C. § 207**
**(Failure to Pay Overtime – FLSA)**
**Against Defendants**

77. Plaintiff realleges and incorporates by reference Paragraphs 1 through 76 as though fully set forth.

78. During the relevant time period, Defendants violated 29 U.S.C. §§ 207(a)(2), 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours without compensating the employees for hours worked in excess of forty at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Plaintiff routinely worked more than forty hours a week, but Defendants did not compensate her at time and one-half the regular rate at which she was employed for all hours worked in excess of forty.

79. At all relevant times, Defendants have willfully violated and continue to violate 29 U.S.C. §§ 207(a)(2), 215(a)(2). Defendants knew or should have known of the FLSA's overtime

COMPLAINT.
18

requirements but nevertheless employed Plaintiff without properly compensating him for hours worked in excess of forty per workweek.

80. Plaintiff has been injured and requests relief.

**ELEVENTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 246**
**(Failure to Provide Paid Sick Leave)**
**Against Defendants**

81. Plaintiff realleges and incorporates by reference Paragraphs 1 through 80 above as though fully set forth.

82. Each year, Labor Code section 246 requires employers to provide employees with no less than 24 hours or three days of paid sick leave that is available to employee to use by the completion of his or her 120th calendar day of employment.

83. Plaintiff was not provided with paid sick leave as required.

84. Plaintiff has been injured and requests relief. Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action.

**JURY DEMAND**

Plaintiff demands trial by jury of all claims and causes of action so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants as follows

a. A declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violated the laws of the United States and the State of California;

b. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

c. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all monetary and/or economic hardship, including, but not limited

to, the loss of past and future income, wages, compensation, and other benefits of employment;

d. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all non-monetary and compensatory harm;

e. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

f. For reimbursement of work-related expenses (Cal. Lab. Code §2802);

g. That Defendant be found to have engaged in unfair competition in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*;

h. That Defendant be ordered and enjoined to make restitution of all losses incurred by the Plaintiff, including disgorgement of wrongfully-withheld wages and unreimbursed expenses pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17204;

i. For reasonable attorneys' fees, interests and costs of suit, including expert witness fees;

j. For such other and further relief as the Court deems just and proper.

**LADVA LAW FIRM**

Dated:   May 5, 2021                                  Ladva Law Firm

By: _____
     Scott S. Nakama, Esq.
     MANUEL REYES