**SEYFARTH SHAW LLP**
Camille Olson (SBN 111919)
colson@seyfarth.com
Richard B. Lapp (SBN 271052)
rlapp@seyfarth.com
Parnian Vafaeenia (SBN 316736)
pvafaeenia@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
HEARST COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL REYES,<br><br>            Plaintiff,<br><br>   v.<br><br>HEARST COMMUNICATIONS, INC.; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 3:21-cv-03362-AGT<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HEARST COMMUNICATIONS, INC.'S PETITION TO COMPEL ARBITRATION AND STAY CASE**<br><br>Date:     August 13, 2021<br>Time:    10:00 a.m.<br>Courtroom: A<br>Hon. Alex G. Tse |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 13, 2021, at 10:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom A of the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Hearst Communications, Inc. ("Defendant") will move, and hereby does move, pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3 and the California Arbitration Act, Code of Civil Procedure § 1280, *et seq.*, for an Order compelling arbitration of Plaintiff's claims and staying the instant action.

Defendant files this Petition following attempts by Defendant to resolve this matter informally. Defendant requested that Plaintiff honor his written contractual agreement to arbitrate his purported claims. Plaintiff has declined to agree to the relief sought herein.

Defendant bases this Petition on this Notice and Memorandum of Points and Authorities, the Declaration of Jeffery Lawson, the Declaration of Richard Lapp and any oral argument that the Court might allow, all pleadings and papers filed with the Court in this action, any matter that is subject to judicial notice, and such other matters as the Court may consider at, before, or following the hearing on this Petition.

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................... 1

II. STATEMENT OF FACTS ...................................................................................................... 1

    A. Plaintiff Entered Into An Agreement to Arbitrate .............................................. 1

    B. Plaintiff Has Refused Hearst's Requests To Arbitrate His Claims..................................... 3

III. LEGAL STANDARD.............................................................................................................. 3

    A. The FAA Requires Enforcement Of Arbitration Agreements According To Their Terms ........................................................................................................ 3

    B. Federal Law and State Law Favor Arbitration .................................................. 4

IV. ARGUMENT........................................................................................................................... 5

    A. An Arbitrator Has the Exclusive Right To Interpret and Enforce the Agreement............. 5

    B. Absent Delegation, this Court Should Nonetheless Compel Arbitration of Plaintiff's Claims Under the Parties' Arbitration Agreement............................................. 7

        1. The Parties Entered into a Valid Agreement .............................................. 7

        2. Plaintiff's Claims Are Within the Scope of the Arbitration Agreement................. 8

        3. The Arbitration Agreement Meets the *Armendariz* Requirements ......................... 8

            a. The Arbitration Agreement Incorporates AAA Rules ............................... 8

            b. The Arbitration Agreement Requires the Use of a Neutral Arbitrator................................................................................................... 9

            c. The Arbitration Agreement Provides for Adequate Discovery .................. 9

            d. The Arbitration Agreement Provides for a Written Award ....................... 9

            e. Plaintiff Is Not Required To Pay Unreasonable Costs or Arbitrator Fees .......................................................................................................... 9

            f. The Arbitration Agreement Provides for All Types of Relief .................. 10

V. CONCLUSION...................................................................................................................... 10

i

HEARST COMMUNICATIONS, INC.'S PETITION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND STAY CASE

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*American Exp. Co. v. Italian Colors Restaurant*,
570 U.S. 228 (2013).................................................................................................................4

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
475 U.S. 643 (1986).................................................................................................................7

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015) ..............................................................................................5, 6

*Cervantes v. Voortman Cookies Ltd.*,
No. 3:19-CV-00700-H-BGS, 2019 WL 3413419 (S.D. Cal. July 29, 2019).........................10

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
207 F.3d 1126 (9th Cir. 2000) ..............................................................................................3, 8

*Cox v. Ocean View Hotel Corp.*,
533 F.3d 1114 (9th Cir. 2008) .................................................................................................3

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985).................................................................................................................4

*First Options of Chicago, Inc. v. Kaplan*,
514 U.S. 938, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995).......................................................5

*Green Tree Fin. Corp.-Alabama v. Randolph*,
531 U.S. 79 (2000)...................................................................................................................4

*Marselian v. Wells Fargo & Co.*,
No. 20-CV-03166-HSG, 2021 WL 198833 (N.D. Cal. Jan. 20, 2021)................................6, 7

*Mesachi v. Postmates Inc.*,
No. 3:20-CV-07028-WHO, 2021 WL 736270 (N.D. Cal. Jan. 8, 2021).................................6

*Miller v. Flume*,
139 F.3d 1130 (7th Cir. 1998) .................................................................................................4

*Mohamed v. Uber Techs., Inc.*,
848 F.3d 1201 (9th Cir. 2016) .................................................................................................5

*Momot v. Mastro*,
652 F.3d 982 (9th Cir. 2011) ...................................................................................................5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983).....................................................................................................................4

ii

HEARST COMMUNICATIONS, INC.'S PETITION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PETITION TO COMPEL ARBITRATION AND STAY CASE

*Norris v. Aon PLC*,
   No. 21-CV-00932-CRB, 2021 WL 1238303 (N.D. Cal. Apr. 2, 2021),
   *reconsideration denied*, No. 21-CV-00932-CRB, 2021 WL 1873098 (N.D. Cal. May
   10, 2021) ................................................................................................................................5

*Perry v. Thomas*,
   482 U.S. 483 (1987) ................................................................................................................4

*Rent-A-Ctr., W., Inc. v. Jackson*,
   561 U.S. 63, 130 S. Ct. 2772, 177 L. Ed. 2d 403 (2010) ................................................5, 6

**State Cases**

*Armendariz v. Foundation Health Psychcare Servs., Inc.*,
   24 Cal. 4th 83 (2000) ..................................................................................................... *passim*

*Cione v. Foresters Equity Servs., Inc.*,
   58 Cal. App. 4th 625 (1997) ...................................................................................................4

*Craig v. Brown & Root, Inc.*,
   84 Cal. App. 4th 416 (2000) ...................................................................................................7

*Div. of Labor Law Enforcement v. Transpacific Trans. Co.*,
   69 Cal. App. 3d 268 (1977) ....................................................................................................7

*Lane v. Francis Cap. Mgmt. LLC*,
   224 Cal. App. 4th 676, 168 Cal. Rptr. 3d 800 (2014) .......................................................8, 9

*Moncharsh v. Heily & Blasé*,
   3 Cal. 4th 1 (1992) ..................................................................................................................4

*Performance Team Freight Sys., Inc. v. Aleman*,
   241 Cal. App. 4th 1233 (2015) ...............................................................................................8

**Federal Statutes**

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ....................................................................... *passim*

**State Statutes**

California Arbitration Act, Code of Civil Procedure § 1280, *et seq*.......................................1, 4

California Labor Code § 229 ........................................................................................................4

iii

HEARST COMMUNICATIONS, INC.'S PETITION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PETITION TO COMPEL ARBITRATION AND STAY CASE

## I. INTRODUCTION

Plaintiff Manuel Reyes ("Plaintiff" or "Reyes") has sued Defendant Hearst Communications, Inc. ("Hearst" or "Defendant") asserting several individual claims under a misclassification theory. Plaintiff alleges failure to pay minimum wages, overtime, meal and rest premiums, failure to furnish accurate wage statements, waiting time penalties, failure to reimburse business expenses, unfair competition, and failure to provide sick days.

Plaintiff's claims stem from his service as a newspaper dealer pursuant to independent contractor agreements he signed with Hearst. Plaintiff's claims against Hearst, are subject to an Arbitration Agreement between he and Hearst. The Arbitration Agreement, which is enforceable under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, and the California Arbitration Act ("CAA"), Code of Civil Procedure § 1280, *et seq.*, contains a clear and unmistakable intent to delegate issues of arbitrability to an arbitrator and further obligates Plaintiff to arbitrate his claims. Notwithstanding his contractual obligations, Plaintiff filed this lawsuit against Hearst, and has refused to stipulate to arbitration.

Accordingly, Hearst has no alternative but to file this Motion pursuant to the FAA and CAA seeking an order from this Court: compelling Plaintiff to file his claims in arbitration so that the arbitrator may interpret and enforce Plaintiff's agreement to arbitrate; or in the alternative, compelling Plaintiff to submit his claims to arbitration and staying this action during the pendency of such arbitration proceedings.

## II. STATEMENT OF FACTS

### A. Plaintiff Entered Into An Agreement to Arbitrate

On December 2, 2019, Plaintiff entered into an independent contractor agreement ("Agreement") with Hearst regarding the distribution of the San Francisco Chronicle in Northern California. (Declaration of Jeffrey Lawson, "Lawson Dec." ¶¶ 6 & Ex. A).

Under the Agreement, Plaintiff agreed to arbitrate "any" dispute between Plaintiff and Hearst must be submitted to arbitration and further states that claims for "unfair competition, wages or other compensation, breaks and rest periods" are specifically covered by the Agreement:

18. MANDATORY ARBITRATION AND CLASS/COLLECTIVE ACTION WAIVER. Company and Contractor hereby agree that any dispute, past, present or future, arising

> out of or in connection with this Agreement, shall be decided by an arbitrator through binding arbitration and not by way of court or jury trial, as explained in detail below (the "Arbitration Provision").
>
> (a) This Arbitration Provision, which is governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.), shall survive the term of this Agreement. This Arbitration Provision applies to any dispute that Company may have against Contractor or that Contractor may have against: (1) the Company; (2) its officers, directors, principals, shareholders, members, owners, employees, or agents; and (3) all successors and assigns of any of them. This Arbitration Provision applies regardless of whether the Company or Contractor is seeking monetary damages, temporary injunctive relief, or permanent injunctive relief.
>
> (b) This Arbitration Provision applies, without limitation, to any claims based upon or related to discrimination, harassment, retaliation, defamation (including claims of postemployment defamation or retaliation), breach of a contract or covenant, fraud, negligence, emotional distress, breach of fiduciary duty, trade secrets, ***unfair competition, wages or other compensation, breaks and rest periods,*** termination, tort claims, equitable claims, and all other statutory and common law. The Agreement specifically covers, without limitation, and without admitting that Contractor has standing to bring or is eligible to recover on any such claims, all claims arising under the Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Equal Pay Act, Genetic Information Non-Discrimination Act, the Employee Retirement Income Security Act of 1974, and state or local statutes, if any, addressing the same or similar subjects, including but not limited to claims for claims for workers compensation, state disability insurance, and unemployment insurance benefits.

(*See id.* Ex. A ¶ 18(a-b) (emphasis added) (capitalization in original).)

Likewise, the Agreement contains a clear and unmistakable delegation clause:

> (c) The Arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement . . .

(*See id.* Ex. A ¶ 18(c).)

The Agreement also states that the AAA Commercial Arbitration Rules will govern any arbitration between the parties:

> (e) A single, neutral arbitrator shall be selected by the mutual agreement of the parties. The location of the arbitration proceeding shall be in or near the city of San Francisco, California, unless each party to the arbitration agrees in writing otherwise. In the event the parties cannot agree to an arbitrator, they shall proceed to arbitration before a single arbitrator under the auspices of the American Arbitration Association ("AAA") and the then-current AAA Commercial Arbitration Rules, provided, however, that if there is a conflict between those Rules and this Agreement, this Agreement shall govern. . . .

(*See id.* Ex. A ¶ 18(e).)

Above the signature block of the Agreement, the following is stated in clear, bolded text:

**By Contractor's signature below, Contractor acknowledges and warrants that prior to signing, Contractor read this Agreement in its entirety and was afforded the opportunity to have the Agreement reviewed by legal counsel. Specifically, Contractor understands that this contractual relationship is an independent contractor relationship by Contractor's signature below. Further, Contractor acknowledges that Company is willing to negotiate provisions contained in this Agreement, including but not limited to the location and boundaries of the Delivery Area and the fees to be paid to Contractor under this Agreement**.

(*See id.* Ex. A at 14 (emphasis in original).)

### B. Plaintiff Has Refused Hearst's Requests To Arbitrate His Claims

In early June 2021, counsel for Hearst informed Plaintiff's counsel that Plaintiff signed the Agreement and thereby agreed to arbitrate his claims. (Declaration of Richard Lapp, "Lapp Dec." ¶¶ 1-2). On June 21, 2021, Plaintiff's counsel responded stating that Plaintiff would not stipulate to arbitration. *Id.* Plaintiff's position has forced Hearst to seek the Court's assistance in compelling Plaintiff to arbitrate his claims.

## III. LEGAL STANDARD

### A. The FAA Requires Enforcement Of Arbitration Agreements According To Their Terms

The FAA, codified at 9 U.S.C. § 1 *et seq.*, provides that a party to an arbitration agreement may, upon refusal of the other party to arbitrate a dispute arising under the agreement, move to compel arbitration. 9 U.S.C. § 2. The FAA makes agreements to arbitrate, "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Under the FAA, the court merely "determin[es] (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue," and "if the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (same).

Where these conditions are satisfied, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts **shall** direct the parties to proceed to arbitration."

3

HEARST COMMUNICATIONS, INC.'S PETITION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND STAY CASE

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).[1]  The party opposing arbitration bears the burden of proving that the claims at issue are not referable to arbitration. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 81-82 (2000).

### B.    Federal Law and State Law Favor Arbitration

Under federal law, any ambiguities or doubts regarding the scope of an arbitration agreement must be resolved in favor of arbitration.  "Once it is clear the parties have a contract that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration."  *Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998); *see also American Exp. Co. v. Italian Colors Restaurant*, 570 U.S. 228, 232-33 (2013); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

Because arbitration is a highly favored means of settling disputes, arbitration agreements "must be rigorously enforced." *Perry v. Thomas,* 482 U.S. 483 at 490 (1987) (arbitration agreement upheld and arbitration compelled for claim for unpaid wages under California Labor Code section 229). Indeed, in *Moses H. Cone,* 460 U.S. at 24-25, the Supreme Court declared that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."

Likewise, under state law, the CAA, which is codified at Code of Civil Procedure § 1280, *et seq.*, also promotes a "strong policy in favor of arbitration." *See Moncharsh v. Heily & Blasé*, 3 Cal. 4th 1, 9 (1992). "California law, like federal law, favors enforcement of valid arbitration agreements." *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 97 (2000) (holding that California law favors the enforcement of such agreements, and stating that "under both federal and California law, arbitration agreements are valid, irrevocable, and enforceable").

Based on this public policy, "a heavy presumption weighs the scales in favor of arbitrability." *Cione v. Foresters Equity Servs., Inc.*, 58 Cal. App. 4th 625, 642 (1997).  Thus, courts applying the CAA must "indulge every intendment to give effect to such proceedings." *Moncharsh*, 3 Cal. 4th at 9.

---

[1] *See also* 9 U.S.C. § 4 ("upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement").

4

HEARST COMMUNICATIONS, INC.'S PETITION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO COMPEL ARBITRATION AND STAY CASE

## IV. ARGUMENT

Here, the Agreement contains a clear delegation clause requiring that this Court leave the issue of arbitrability to the arbitrator. However, should the Court find that it has authority to decide the issue of arbitrability, the prerequisites for an order compelling arbitration are satisfied. First, a valid agreement to arbitrate exists. Second, the Agreement encompasses Plaintiff's claims. Further, the provisions of the Agreement are lawful, and the strong presumption in favor of arbitration requires that any doubt about the Agreement be resolved in favor of arbitration.

### A. An Arbitrator Has the Exclusive Right To Interpret and Enforce the Agreement.

Courts must delegate arbitrability questions to an arbitrator when there is "clear and unmistakable" evidence of the intent to do so. *Norris v. Aon PLC*, No. 21-CV-00932-CRB, 2021 WL 1238303, at *3 (N.D. Cal. Apr. 2, 2021), *reconsideration denied*, No. 21-CV-00932-CRB, 2021 WL 1873098 (N.D. Cal. May 10, 2021) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 1924, 131 L. Ed. 2d 985 (1995).) If arbitrability is clearly and unmistakably delegated to the arbitrator, a court must enforce that delegation "in the absence of some other generally applicable contract defense, such as fraud, duress, or unconscionability." *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016). However, a challenge to a delegation clause requires a specific attack of the delegation clause itself; "[a] broader challenge to the arbitration clause submitting merits disputes to arbitration will not suffice." *Norris*, 2021 WL 1238303, at *4 (citing *Rent-A-Ctr., W., Inc. v. Jackson,* 561 U.S. 63, 70, 130 S. Ct. 2772, 2777, 177 L. Ed. 2d 403 (2010)); *see also Rent-A-Ctr.*, 561 U.S. 72 ("Accordingly, unless [a plaintiff] challenge[s] the delegation provision specifically, [the Court] must treat it as valid under § 2 [of the FAA], and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the [a]greement as a whole for the arbitrator.")

"Clear and unmistakable" evidence of delegation "include[s]...a course of conduct demonstrating assent...or...an express agreement to do so." *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011). Likewise, "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). Here such evidence exists.

First, the language of the Agreement itself makes clear that the parties intended issues of arbitrability to be decided by the arbitrator. The Agreement states:

> (c) The Arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement . . .

(Lawson Dec. Ex. A ¶ 18(c).) Courts in this District have held that nearly identical clauses "clearly and unmistakably" delegates arbitrability to the arbitrator. *See, e.g.*, *Mesachi v. Postmates Inc*., No. 3:20-CV-07028-WHO, 2021 WL 736270, at *5 (N.D. Cal. Jan. 8, 2021) ("There is no dispute that the relevant versions of the Fleet Agreement included a delegation provision: 'Only an arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Mutual Arbitration Provision.'") Indeed, the language of the delegation clause here is, in fact, identical to the clause enforced by the Supreme Court in *Rent-A-Center*. *See Rent-A-Ctr.,* 561 U.S. at 66 (quoting the delegation clause as: "[t]he Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable.")

Second, the Agreement incorporates the AAA Commercial Arbitration Rules. (*See* Lawson Dec. Ex. A ¶ 18(e).) This act of incorporation provides an additional basis for finding "clear and unmistakable" evidence of intent to delegate arbitrability. *See Marselian v. Wells Fargo & Co*., No. 20-CV-03166-HSG, 2021 WL 198833, at *5 (N.D. Cal. Jan. 20, 2021) ("And even if the specific language in the arbitration agreement were somehow insufficient evidence on its own, the agreement also incorporates the AAA Commercial Rules. The Ninth Circuit has held that 'incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability.'") (quoting *Brennan*, 796 F.3d at 1130.)

Accordingly, because of the Agreement's clear and unmistakable delegation clause, the issue of arbitrability must be decided by the arbitrator and not this, or any other, Court.

**B.   Absent Delegation, this Court Should Nonetheless Compel Arbitration of Plaintiff's Claims Under the Parties' Arbitration Agreement.**

Should the Court decide to not enforce the delegation provision of the Agreement and instead decide the issue of arbitrability itself, the agreement to arbitrate is nonetheless valid and enforceable under both federal and state law.

### 1.   The Parties Entered into a Valid Agreement

To evaluate the validity of an arbitration agreement, courts "should apply ordinary state-law principles that govern the formation of contracts." *Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416, 420 (2000).  Under California law, a contract is valid if there is "mutual assent" between the parties and "consideration." *Div. of Labor Law Enforcement v. Transpacific Trans. Co.,* 69 Cal. App. 3d 268, 274-75 (1977).

Courts apply a "presumption of arbitrability"—"[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).

Here, there is no doubt a valid agreement to arbitrate was formed.  Plaintiff voluntarily "agree[d] that any dispute, past, present or future, arising out of or in connection with this Agreement, shall be decided by an arbitrator through binding arbitration and not by way of court or jury trial[.]" (Lawson Dec. Ex. A ¶ 18; *see also id.* at 14 ("By Contractor's signature below, Contractor acknowledges and warrants that prior to signing, Contractor read this Agreement in its entirety and was afforded the opportunity to have the Agreement reviewed by legal counsel. . . . Further, Contractor acknowledges that Company is willing to negotiate provisions contained in this Agreement.").)  The parties' mutual promises to arbitrate all such disputes establishes the requisite consideration. *See, e.g.*, *Armendariz*, 24 Cal. 4th at 118 (arbitration agreement has sufficient mutual consideration as long as employer agrees to be bound by the arbitration of employment disputes).

Thus, the requirements for an enforceable contract are met.  Plaintiff assented to arbitrate his claims and Hearst mutually promised to the same.

**2.      Plaintiff's Claims Are Within the Scope of the Arbitration Agreement**

Once the moving party establishes the existence of an arbitration agreement, it must then show that the dispute is covered by the terms of the agreement. *See Chiron*, 207 F.3d at 1130. The scope of matters covered by an arbitration agreement is determined by the language of the agreement itself. *See Performance Team Freight Sys., Inc. v. Aleman,* 241 Cal. App. 4th 1233, 1245-46 (2015) (enforcing arbitration of independent contractors' misclassification claims because the agreement covered such claims).

The Agreement applies to "any dispute, past, present or future, arising out of or in connection with this Agreement" as well as any claim "based upon or related to . . . unfair competition, wages or other compensation, breaks and rest periods, termination, tort claims, equitable claims, and all other statutory and common law." (Lawson Dec. Ex. A ¶ 18). In other words, the exact claims that Plaintiff has asserted in his Complaint. (*See* ECF No. 1.)

Accordingly, Plaintiff's claims must be submitted to arbitration.

**3.      The Arbitration Agreement Meets the *Armendariz* Requirements**

The Agreement is also enforceable under California law because it includes basic procedural and remedial protections such that a claimant may effectively pursue statutory rights. *See Armendariz*, 24 Cal. 4th at 96-97. To the extent that Plaintiff argues that the *Armendariz* factors apply, the Arbitration Agreement satisfies the minimum requirements for "essential fairness" under *Armendariz* because it: (1) provide for a neutral arbitrator; (2) provide for adequate discovery; (3) require the arbitrator to issue a written decision; (4) provide for the same remedies that would otherwise be available in court; and (5) do not require Plaintiff to bear costs unique to arbitration. *Armendariz*, 24 Cal.4th at 102-13.

**a.      The Arbitration Agreement Incorporates AAA Rules**

The Agreement states that unless otherwise provided within the Agreement, the parties shall follow the AAA's Commercial Arbitration Rules ("AAA Rules"). (*See* Lawson Dec. Ex. A ¶ 18(e).) The incorporation of AAA Rules satisfies *Armendariz*'s requirements and renders the Agreement enforceable. *See e.g., Lane v. Francis Cap. Mgmt. LLC*, 224 Cal. App. 4th 676, 692, 168 Cal. Rptr. 3d 800, 813 (2014) (enforcing arbitration agreement incorporating AAA Rules).

### b.  The Arbitration Agreement Requires the Use of a Neutral Arbitrator

Here, the Agreement specify that if the parties cannot agree on an arbitrator, they can petition AAA or a court to appoint one. (*See* Lawson Dec. Ex. A ¶ 18(e).) The Agreement also states that parties to the Agreement are entitled to have claims adjudicated by a "neutral arbitrator." (*See id.*) Thus, the Arbitration Agreement provides for the selection of a neutral arbitrator. *Armendariz*, 24 Cal. 4th at 102 ("an arbitration agreement is lawful if it (1) provides for neutral arbitrators").

### c.  The Arbitration Agreement Provides for Adequate Discovery

The Arbitration Agreement also provides for adequate discovery. *Armendariz*, 24 Cal. 4th at 102 ("an arbitration agreement is lawful if it … (2) provides for more than minimal discovery").

The parties have adequate discovery under the AAA Rules. *See Lane*, 224 Cal. App. 4th at 692, (enforcing arbitration agreement incorporating AAA Rules and stating the rules provide adequate discovery under *Armendariz*); *Dotson*, 181 Cal. App. 4th at 978 (arbitration agreement that limited parties to one deposition absent showing a need for additional discovery was sufficient, and noting that "permitting the arbitrator to expand discovery upon a showing of need removes any taint of 'unconscionability' from the agreement").

### d.  The Arbitration Agreement Provides for a Written Award

The Arbitration Agreement also requires a written award. (*See* Lawson Dec. Ex. A ¶ 18(i) ("The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law.") This also satisfies *Armendariz. See* 24 Cal. 4th at 102 ("an arbitration agreement is lawful if it … (3) requires a written award").

### e.  Plaintiff Is Not Required To Pay Unreasonable Costs or Arbitrator Fees

The Arbitration Agreement also satisfies the *Armendariz* requirement that an alleged employee cannot be required to pay "any type of expense that the [alleged] employee would not be required to bear if he or she were free to bring the action in court." *Armendariz*, 24 Cal. 4th at 110-11.

The Agreement states: "Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. The Arbitrator's and/or

arbitration fees will be apportioned equally between the parties, and any disputes in that regard will be resolved by the Arbitrator." (*See* Lawson Dec. Ex. A ¶ 18(j).)

Courts routinely find that the AAA rules regarding fees and costs are reasonable and comply with *Armendariz. See Cervantes v. Voortman Cookies Ltd.*, No. 3:19-CV-00700-H-BGS, 2019 WL 3413419, at *4 (S.D. Cal. July 29, 2019) (collecting cases).

### f. The Arbitration Agreement Provides for All Types of Relief

In addition, the Arbitration Agreement provides that

> The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator, and no remedies that otherwise would be available to an individual in a court of law will be forfeited.

(*See* Lawson Dec. Ex. A ¶ 18(g).)

Thus, the Agreement complies with each of the *Armendariz* requirements, including the final requirement that ("an arbitration agreement is lawful if it … (4) provides for all of the types of relief that would otherwise be available in court"). *Armendariz*, 24 Cal. 4th at 102.

## V. CONCLUSION

For all of the reasons set forth above, Hearst requests that the Court order Plaintiff to arbitrate his claims and stay this case pending the completion of arbitration.

DATED: July 7, 2021               Respectfully submitted,

SEYFARTH SHAW LLP
Camille Olson
Richard B. Lapp
Parnian Vafaeenia
Andrew Cockroft

By: */s/ Richard B. Lapp*

Attorneys for Defendant
HEARST COMMUNICATIONS, INC.